# EXHIBIT 1

ELECTRONICALLY FILED
10/28/2015 11:42 AM
2015-L-010914
CALENDAR: R
PAGE 1 of 4
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MARY FRONIMOS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. |
| ) | |
| HOME DEPOT U.S.A., INC., a corporation ) | |
| d/b/a THE HOME DEPOT ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, MARY FRONIMOS, by and through her attorneys, THE LAW OFFICES OF NICHOLAS C. SYREGELAS, and complaining against the Defendant, HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, state as follows:

### COUNT I – PREMISES LIABILITY

1. On or about October 28, 2013, and at all relevant times herein, the Defendant, HOME DEPOT U.S.A., INC. ("Home Depot"), was a Delaware corporation organized and licensed to do business and existing under the laws of the State of Illinois.

2. On or about October 28, 2013, and at all relevant time herein, Defendant Home Depot owned, operated, managed, controlled and/or maintained a certain business premises, located at 6211 N Lincoln Avenue, Chicago, Cook County, Illinois ("Premises"), commonly known as "Home Depot."

3. On or about October 28, 2013, and at all relevant time herein, Defendant Home Depot owned, controlled, operated, managed and maintained a certain exterior lot on the Premises, including parking, walkways, curbs, medians and loading areas.

4. On or about October 28, 2013, and at all relevant time herein, the Defendant made said Premises including the exterior lot thereon available to the general public and its customers.

1

ELECTRONICALLY FILED
10/28/2015 11:42 AM
2015-L-010914
PAGE 2 of 4

5. On or about October 28, 2013, the Plaintiff, MARY FRONIMOS ("Plaintiff"), was a customer of Defendant Home Depot and was lawfully on the premises.

6. On or about October 28, 2013, the Plaintiff fell in the exterior lot located on the Premises as a result of a defect in the pavement.

7. At all relevant times herein, it was the duty of the Defendant to maintain its Premises, including the exterior lot including all parking areas, walkways, curbs, medians and loading areas in a reasonably safe condition.

8. At the aforesaid time and place, the Defendant, committed one or more of the following careless, negligent and/or wrongful acts and/or omissions:

(a) improperly operated, managed, maintained and controlled said exterior lot, so that as a direct and proximate result thereof, the Plaintiff was injured;

(b) allowed and permitted said a certain walkway, median and curb to become and remain broken, cracked, and uneven with other divots and defects;

(c) failed to properly and adequately repair dangerous and defective areas of said walkway, median and curb in a timely fashion;

(d) failed to barricade the broken, cracked, uneven and defective areas of the exterior lo including a certain walkway, median and curb;

(e) failed to make reasonable inspections of said exterior lot that would have revealed dangerous and defective conditions;

(f) failed to warn the Plaintiff of the dangerous condition of the exterior lot, including a certain walkway, median and curb, when the Defendant

ELECTRONICALLY FILED
10/28/2015 11:42 AM
2015-L-010914
PAGE 3 of 4

knew, or in the exercise of ordinary care, should have known that said warning was necessary to prevent injury to the Plaintiff; and

(g) otherwise negligently owned, operated, maintained, and controlled said exterior lot.

9. These careless and negligent acts and/or omissions of the Defendant were a direct and proximate cause of Plaintiffs' fall and injuries she suffered.

10. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was hurt, injured and caused to sustain severe and permanent injuries that she will continue to suffer. Plaintiff further expended and became liable for sums of money for medical care and services to become healed and cured of said injuries.

WHEREFORE, the Plaintiff, MARY FRONIMOS, prays from judgment against the Defendant, HOME DEPOT U.S.A., INC., for a sum in excess of Fifty Thousand Dollars ($50,000.00) plus her costs in bringing this action.

Respectfully submitted,

Nicholas C. Syregelas

The Law Offices of Nicholas C. Syregelas
19 North Green Street
Chicago, Illinois 60607
(312) 243-0900
Attorney #11010

3

AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

Pursuant to Supreme Court Rule 222, counsel for the above-named plaintiff certifies that plaintiff seeks money damages in excess of Fifty Thousand Dollars ($50,000).

Nicholas C. Syregelas

ELECTRONICALLY FILED
10/28/2015 11:42 AM
2015-L-010914
PAGE 4 of 4