IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY FRONIMOS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-2384 |
| vs. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES, the Defendant, HOME DEPOT U.S.A., INC. (hereinafter "Home Depot"), by and through its attorneys, McVEY & PARSKY, LLC, and for its Answer and Affirmative Defenses to Plaintiff's Complaint states as follows:

1. On or about October 28, 2013, and at all relevant times herein, the Defendant, HOME DEPOT U.S.A., Inc. ("Home Depot"), was a Delaware corporation organized and licensed to do business and existing under the laws of the State of Illinois.

**ANSWER:   Home Depot admits that it is a Delaware corporation with its principal place of business in Atlanta, Georgia and is authorized to conduct business in the State of Illinois. Home Depot denies any remaining allegations contained in paragraph 1.**

2. On or about October 28, 2013, and at all relevant time (sic) herein, Defendant Home Depot owned, operated, managed, controlled and/or maintained a certain business premises, located at 6211 N. Lincoln Avenue, Chicago, Cook County, Illinois ("Premises"), commonly known as "Home Depot."

**ANSWER:   Home Depot admits that there is a store located at 6211 N. Lincoln**

**Avenue, Chicago, Cook County, Illinois. Home Depot denies the remaining allegations contained in paragraph 2.**

3. On or about October 28, 2013, and at all relevant time herein, Defendant Home Depot owned, controlled, operated, managed and maintained a certain exterior lot on the Premises, including parking, walkways, curbs, medians and loading areas.

**ANSWER: Home Depot denies the allegations contained in paragraph 3.**

4. On or about October 28, 2013, and at all relevant time herein, the Defendant made said Premises including the exterior lot thereon available to the general public and its customers.

**ANSWER: Home Depot admits it made the store and exterior lot available to customers during business hours and denies any remaining allegations contained in paragraph 4.**

5. On or about October 28, 2013, the Plaintiff, MARY FRONIMOS ("Plaintiff"), was a customer of Defendant Home Depot and was lawfully on the premises.

**ANSWER: Home Depot lacks sufficient information to admit or deny the allegations contained in paragraph 5 and leaves plaintiff to her proofs.**

6. On or about October 28, 2013, the Plaintiff fell in the exterior lot located on the Premises as a result of a defect in the pavement.

**ANSWER: Home Depot denies all allegations relating to a defect in the pavement and lacks sufficient knowledge to either admit or deny the remaining allegations and leaves plaintiff to her proofs.**

7. At all relevant times herein, it was the duty of the Defendant to maintain its Premises, including the exterior lot including all parking areas, walkways, curbs, medians and loading areas in a reasonably safe condition.

**ANSWER:** Home Depot denies the allegations contained in paragraph 7.

8. At the aforesaid time and place, the Defendant, committed one or more of the following careless, negligent and/or wrongful acts and/or omissions:

   a. Improperly operated, managed, maintained and controlled said exterior lot, so that as a direct and proximate result thereof, the Plaintiff was injured;

   b. Allowed an permitted said a certain walkway, median and curb to become and remain broken, cracked, and uneven with other divots and defects;

   c. Failed to properly and adequately repair dangerous and defective areas of said walkway, median and curb in a timely fashion;

   d. Failed to barricade the broken, cracked, uneven and defective areas of the exterior lo (sic) including a certain walkway, median and curb;

   e. Failed to make reasonable inspections of said exterior lot that would have revealed dangerous and defective conditions;

   f. Failed to warn the Plaintiff of the dangerous condition of the exterior lot, including a certain walkway, median and curb, when the Defendant knew, or in the exercise of ordinary care, should have known that said warning was necessary to prevent injury to the Plaintiff; and

   g. Otherwise negligently owned, operated, maintained, and controlled said exterior lot.

**ANSWER:** **Home Depot denies the allegations contained in paragraph 8, including subparagraphs a-g.**

9. These careless and negligent acts and/or omissions of the Defendant were a direct and proximate cause of Plaintiffs' fall and injuries she suffered.

3

**ANSWER:** Home Depot denies the allegations contained in paragraph 9.

10. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, the Plaintiff was hurt, injured and caused to sustain severe and permanent injuries that she will continue to suffer. Plaintiff further expended and became liable for sums of money for medical care and services to become healed and cured of said injuries.

**ANSWER:** Home Depot denies the allegations contained in paragraph 10.

WHEREFORE Defendant THE HOME DEPOT U.S.A, INC. denies that Plaintiff MARY FRONIMOS is entitled to the relief requested in her Complaint. HOME DEPOT U.S.A., INC. therefore prays that the Court enter a judgment in its favor dismissing the Complaint with prejudice and with costs and for any further relief that this Court deems just and fair.

## HOME DEPOT'S AFFIRMATIVE DEFENSES

NOW COMES, the Defendant, HOME DEPOT U.S.A., INC. (hereinafter "Home Depot"), by and through its attorneys, McVey & Parsky, LLC, and pleading in the alternative, and without prejudice to any of its answers given above, for its Affirmative Defenses, hereby states as follows:

### First Affirmative Defense

1. Plaintiff MARY FRONIMOS' alleged injuries or damages were proximately caused by her own negligence for which said injuries or damages would not have occurred.

### Second Affirmative Defense

2. Plaintiff MARY FRONIMOS' alleged injuries or damages are barred because she, impliedly or expressly, assumed the risk of the activity in which she was engaged when she was injured.

**Third Affirmative Defense**

3.     Should the trier of fact determine the fault of HOME DEPOT, which fault is expressly denied in any percentage, with less than 25% of the total fault attributable to the Plaintiff, any Defendants sued by the Plaintiff, and any third-party defendant as provided for in 735 ILCS 5/2-1117, this Defendant's liability shall only be several for all non-medical and non-medically related damages.

**Fourth Affirmative Defense**

4.     The Complaint fails to state claims or causes of action against Home Depot upon which relief may be granted.

**Fifth Affirmative Defense**

5.     Plaintiff MARY FRONIMOS is barred from recovery because Home Depot had no notice of the condition the plaintiff alleges to have been defective.

**Sixth Affirmative Defense**

6.     Plaintiff MARY FRONIMOS' alleged injuries and damages were caused by acts or omissions of third persons over whom Home Depot exercised no control and for whose conduct it bears no responsibility.

**Seventh Affirmative Defense**

7.     The alleged danger was open and obvious and there is no duty to warn of dangers that are generally appreciated by the public.

**Eighth Affirmative Defense**

8.     Plaintiff MARY FRONIMOS' is barred from recovery due to the statute of limitations.

**Additional Defenses Reserved**

5

Home Depot hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserves the right to amend its answer to assert any other defenses as become known or available.

## JURY DEMAND

Defendant THE HOME DEPOT USA, INC. hereby demands a trial by jury on all issues triable by a jury.

WHEREFORE Defendant THE HOME DEPOT USA, INC. denies that Plaintiff MARY FRONIMOS is entitled to the relief requested in her Complaint at Law. HOME DEPOT U.S.A., INC. therefore prays that the Court enter a judgment in its favor dismissing the Complaint with prejudice and with costs and for any further relief that this Court deems just and fair.

        Respectfully submitted,

        HOME DEPOT U.S.A., INC.

BY:   /s/ Christina L. Talamonti
        Christina L. Talamonti (6307144)
        One of its attorneys

Christina L. Talamonti
McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:    312/551-2131
Email: clt@mcveyparsky-law.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 24, 2016 I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

Kyle R. Kasmarick
*Attorney for Plaintiff*
THE LAW OFFICES OF
NICHOLAS C. SYREGELAS
19 North Green Street
Chicago, Illinois 60607
Phone: 312/243-0900

By: /s/ Christina L. Talamonti
    Christina L. Talamonti
    Illinois Bar #6307144

Christina L. Talamonti
McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL 60602
Phone: 312/551-2130
Fax:    312/551-2131
Email: clt@mcveyparsky-law.com